IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  09-CR-30147-SMY |
| | ) |
| BARNARD R. BARNES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In this case, the Defendant was on bond while awaiting a hearing on his revocation of supervised release (*See* Docs. 68, 73). The Government filed a motion to revoke the Defendant's bond and the Court held a hearing on the motion to revoke (*See* Docs. 82, 87). At the hearing the Court inquired of counsel as to the appropriate standard for the Court's consideration and requested briefing on the subject. Ultimately, the Court granted the Government's request to revoke the Defendant's bond and indicated it would provide a written order with further explanations at a later date in time (*See* Doc. 92).[1]

At an initial detention hearing on a petition to revoke, Fed. R. Crim. P. 32.1 governs and places the burden on the defendant to establish by clear and convincing evidence that the defendant will not flee or pose a danger to the community. *See* Fed. R. Crim P. 32.1(a)(6) ("The magistrate judge may release or detain the person under 18 U.S.C. §3143(a)(1) pending further proceedings. The burden of establishing by clear and

---

[1] The Court offers its apology for the delay in issuing this written order explaining its findings. The Court had a very heavy schedule during the month of April with numerous pretrial conferences in a civil case, which ultimately culminated in a seven day jury trial at the end of the month.

1

convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person."). However, a pretrial bond revocation is governed by 18 U.S.C. § 3148 and is a two step process. First, the Court must determine whether there is probable cause to believe the defendant has committed a crime while on release or the Court considers whether there is clear and convincing evidence that the defendant has violated any other condition of his release. *See* 18 U.S.C. § 3148(b)(1). If the Court finds that there is sufficient evidence to satisfy either one of these considerations, it then moves on to the second step, which is in essence the detention analysis.[2] The Court may detain a defendant if it finds either that the § 3142(f) factors warrant detention or if the Court concludes that the Defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2).

After reviewing the submissions of counsel, it does not appear that there is any direct guidance on point. While the Court appreciates the work of counsel in submitting the briefs, as noted by the Government in its submission, the case law is not particularly enlightening. But even considering the evidence under either standard, the Court concludes that detention is appropriate. The Government proffered evidence concerning Defendant's extensive drug history, including the use of fentanyl and heroin. And in one instance, the Defendant overdosed on fentanyl on Christmas Day, which was only weeks after being released from residential treatment. The Defendant has already participated

---

[2] It is often very common that a defendant will concede the first step of the process – *i.e.* the defendant will concede that he has violated conditions of his bond – and wish to be heard on the question of detention. Indeed, that is what occurred in this case: the Defendant conceded that he had violated conditions of his bond, and then argued to be released back on bond (*See* Doc. 87).

in substance abuse treatment, but immediately relapsed and therefore the Court opts not to place him in residential treatment a second time. Nor was the Court convinced that Defendant's home plan was a viable option, given his prior substance abuse while at the home.

Accordingly, the Court concludes that under 18 U.S.C. § 3148(b)(2), the Defendant is unlikely to abide by any condition or combination of conditions of release and he must be detained. The result would also be the same if the Court were applying Rule 32.1 and 18 U.S.C. § 3143, which places the burden back on the Defendant. And in this instance, the Court concludes Defendant has not established by clear and convincing evidence that he does not pose a danger to himself or the community at large.  In short, everything that can be tried has been tried for the Defendant and he has been unable to comply with his conditions and poses both a danger to himself and to the community.

**Dated**: May 4, 2023

s/Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**